UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Moses Backman, Jr.,     ) | C/A No. 2:10-667-MBS-BM |

Moses Backman, Jr.,                                    )      C/A No. 2:10-667-MBS-BM
                                                       )
                        Plaintiff,                     )
                                                       )      REPORT AND RECOMMENDATION
vs.                                                    )
                                                       )
**Department of Veterans Affairs**, Ralph H. Johnson Medical )
Center, 109 Bee Street, Charleston, SC, 29401-5799;    )
**Attending Physician**, that received my post biopsy report, )
                                                       )
                        Defendants.                    )
_____        )

RECEIVED USDC, CLERK CHARLESTON, S.C. 2010 MAY 10 A 10: 32

## Introduction

Moses Backman, Jr. ("Plaintiff"), proceeding *pro se*, brings this civil action against the Department of Veterans Affairs and an attending physician seeking money damages. Plaintiff seeks to file this action *in forma pauperis* under 28 U.S.C. § 1915. The motion to proceed *in forma pauperis* should be denied, and the complaint should be dismissed for failure to prosecute.

## Background

Plaintiff's entire statement of claim is: "[t]he defendant was a part of my post-op medical care. During this time he denied my rights to my medical findings and reports. These reports were ultimately changed." (Compl. at 3) The relief sought is: "I am seeking financial compensation for the injuries caused. Along with injuries I'm seeking compensation for lost of quality of life." (Compl. at 4) The court propounded special interrogatories to Plaintiff, and his response was filed on April 14, 2010. (Docket Entry # 9) Therein, Plaintiff indicated that: he has <u>not</u> submitted a Standard Form 95 in accordance with the Federal Tort Claims Act (FTCA) to the appropriate federal agency against which he makes a claim of injury; has <u>not</u> submitted an administrative claim in accordance with the Privacy Act to the Department of Veterans Affairs to explain why he believes

1

his record is inaccurate; and has <u>not</u> received a final denial of any of his administrative claim(s). *Id.*

In relation to Plaintiff's request to proceed *in forma pauperis*, he submitted a signed Form AO-240 on March 16, 2010. (Docket Entry # 3) Therein, he indicated that during the past twelve months he has received income from disability or worker's compensation payments and that he does not have take-home pay or wages. However, Plaintiff did not answer <u>any</u> questions as to how much money he has in checking or savings accounts, what assets he owns, etc. On March 23, 2010, and again on April 21, 2010, the court directed Plaintiff to complete, sign, and return another Form AO-240 and to attempt to answer every question. (Docket Entries # 8, 11) On April 26, 2010, Plaintiff submitted a second signed Form AO-240; (Docket Entry # 14); however, this second motion to proceed *in forma pauperis* did not comply with this court's two proper form orders, which specifically directed Plaintiff to provide more information about his assets, liabilities, and expenses. Plaintiff did not attempt to answer each question and did not indicate if a question was "not applicable", as he was instructed to do. Indeed, most of Plaintiff's recent Form AO-240 remains blank.

*Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even when considered under this less stringent standard, however the complaint is subject to summary dismissal. The requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 943 (S.D.Tex. 1976), the Court noted that the following legal tests have been used to determine whether a person is *IFP* under 28 U.S.C. §1915:

(1) Is the litigant barred from the federal courts by the reason of his "impecunity"?

(2) Is his access to the courts blocked by the imposition of an undue hardship?

(3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?

The Seventh Circuit noted that the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who ... would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In the case *sub judice*, Plaintiff only indicated that he has collected disability or worker's compensation payment income. After several chances, Plaintiff did not inform the court how much money he collects per month, nor did he give information as to his other possible assets (cash, automobiles, houses, etc.) and expenses. Based upon Plaintiff's submissions, this court cannot ascertain whether he would be rendered destitute by paying the filing fee of three hundred fifty dollars ($350.00), or if he would have to forego any of his basic human needs by doing so. *See Carter*, 452 F. Supp. at 942 (the plaintiff was not indigent because he had the right to collect a



3

judgment of $5,486.76); *Ali v. Cuyler*, 547 F. Supp. 129 (E.D. Pa. 1982) (where the plaintiff had $450.00 in savings the district court and the magistrate believed that amount was sufficient to allow the plaintiff to pay the filing fee of $60.00 without foregoing basic human needs). Therefore, Plaintiff's pending motions to proceed *in forma pauperis* should be denied. Plaintiff will then "'confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?'" *Carter*, 452 F. Supp. at 944.

Additionally, because Plaintiff failed to comply with this court's two proper form orders to answer each question on the Form AO-240 or write "N/A," this case may also be dismissed for failure to prosecute. Plaintiff was warned that failure to fully comply with the court's two orders would cause this court to recommend that this case be dismissed for failure to prosecute, and he still failed to comply. Thus, it is also recommended that this case be should be dismissed *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash Railroad Company*, 370 U.S. 626 (1962).

Moreover, even if this court did grant Plaintiff *in forma pauperis* status, the complaint, if construed as a negligence claim under the FTCA, would be subject to dismissal for failure to exhaust administrative remedies. In order to proceed with an FTCA lawsuit, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Plaintiff admits that he did not file an administrative claim with the United States Department of Veterans Affairs, and under the FTCA "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986), which is cited in *Kokotis v. United States Postal Service*, 223 F.3d 275, 278

(4th Cir. 2000).[1]  Additionally, the defendants Department of Veterans Affairs and attending physician would be entitled to summary dismissal on the basis of sovereign immunity because a suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over negligence claims asserted against federal agencies or individual federal employees. *See Myers and Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2nd Cir. 1975).[2]

Recommendation

Accordingly, t is recommended that Plaintiff's motions to proceed *in forma pauperis* be denied. It is further recommended that the Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

**The plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

May ____, 2010
Charleston, South Carolina

---

[1]When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court. 28 U.S.C. § 2401(b).

[2]The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). The administrative claim must be submitted in writing within two (2) years after the claim accrues. 28 U.S.C. § 2401(b).

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

