UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Moses Backman, Jr., ) | |
| ) | C/A No.: 2:10-667-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Department of Veterans Affairs, Ralph H. ) | |
| Johnson Medical Center, 109 Bee Street, ) | |
| Charleston, SC, 29401-5799, appointment ) | |
| dated 04-03-08 at 1:30 p.m. Attending ) | |
| Physician, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Moses Backman, Jr., proceeding *pro se*, filed a complaint on March 15, 2010, alleging that he was denied his rights to his medical findings and reports. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. This case is before the court for an order on a Report and Recommendation issued by the Magistrate Judge.

**BACKGROUND**

Plaintiff states his claim as follows: "The Defendant was apart [sic] of my post-op medical care. During this time he denied my rights to my medical findings and reports. These reports were ultimately changed." Compl. at 3. Plaintiff seeks damages for his alleged injuries and loss of quality of life. *Id.* at 4.

On March 16, 2010, Plaintiff filed a motion to proceed *in forma pauperis*. On March 23, 2010, the Magistrate Judge issued a proper form order instructing Plaintiff, among other things, to answer special interrogatories; and pay the $350.000 filing fee or complete, sign, and return an

Application to Proceed without Prepayment of Fees and Affidavit (Form AO 240). The proper form order indicated that although Plaintiff had submitted a Form AO 240, many questions had been left blank and that Plaintiff must attempt to answer every question or indicate that a question is inapplicable to him. On April 14, 2010, Plaintiff filed his answers to the Magistrate Judge's special interrogatories. Plaintiff indicated in his answers that he had not: 1) submitted a Standard Form 95, in accordance with the Federal Tort Claims Act to the appropriate federal agency against which he makes a claim of injury; 2) submitted an administrative claim, in accordance with the Privacy Act, to the Department of Veterans Affairs to explain why he believes his record is inaccurate; and 3) received a final denial of any of his administrative claims.

On April 21, 2010, the Magistrate Judge issued a second proper form order instructing Plaintiff to pay the $350.000 filing fee or complete, sign, and return an Application to Proceed without Prepayment of Fees and Affidavit (Form AO 240). The Magistrate Judge again noted that although Plaintiff had submitted a Form AO 240 on March 16, 2010, Plaintiff had left most of the questions related to his financial condition blank. Plaintiff was instructed to attempt to answer every question or, if a question was not applicable to him, to write N/A. On April 26, 2010, Plaintiff filed a new copy of Form AO 240. In this form, Plaintiff indicated that in the past twelve months he had received disability or workers compensation payments, but failed to answer any other question.

On May 10, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's motion to proceed *in forma pauperis* be denied, and that Plaintiff's case be summarily dismissed. The Magistrate Judge recommended dismissal based on: 1) Plaintiff's failure to prosecute, 2) Plaintiff's failure to exhaust administrative remedies, and 3) the sovereign immunity of the Defendants. On June 1, 2010, the court granted a motion by Plaintiff for a ninety

day extension of time to submit additional documents. On October 12, 2010, the court granted Plaintiff another extension of time until February 28, 2011 to submit additional documents. On February 18, 2011, Plaintiff filed a Standard Form 95 dated February 18, 2011 with the court. Plaintiff filed no formal objections to the Report and Recommendation.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* In the absence of a timely file objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error in the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Inc. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Plaintiff, after several chances, has not provided the court with adequate information to show that he is entitled to *in forma pauperis* status. Therefore, Plaintiff's motions to proceed *in forma pauperis* are denied.

In addition, Plaintiff has failed to exhaust his administrative remedies. The Federal Tort Claims Act requires initial presentation of a claim to the appropriate federal agency, and a final denial by that agency as a prerequisite to suit. *Gould v. United States Dep't of Health & Human*

*Servs.*, 905 F.2d 738, 741 (4th Cir. 1990) (citing 28 U.S.C. §§ 2401(b), 2675(a)). Although Plaintiff has filed a Standard Form 95 with the court, Plaintiff has provided the court with no evidence that he has submitted this form to the Department of Veteran's Affairs, or that he has obtained a final denial of his claim.

### CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's motions to proceed in forma pauperis (Entries 3 and 14) are **denied.** The within action is dismissed *without prejudice* and without issuance and service of process to allow Plaintiff to exhaust his administrative remedies.

**IT IS SO ORDERED**.

                                                  s/ Margaret B. Seymour
                                                  The Honorable Margaret B. Seymour
                                                  United States District Judge

Columbia, South Carolina
April 19, 2011